## C. B. HORTON AND WIFE v. ABNER GRANT ET AL.

GARNISHMENT.  *Interpleader*.  *Payment*.  *Estoppel by judgment*.

The fact that one has given a note secured by a trust-deed to a judgment-debtor as guardian, if such a one is garnished on the judgment as owing the debtor as an individual, should be availed of by answering the fact, and having the guardian or his ward, if of age, to contend for the money with the judgment-creditor; and if the garnishee simply answers the fact, and then, not further appearing, suffers judgment to go against him for the money, he cannot enjoin the enforcement of the trust-deed on that ground, even though he is forced, as garnishee, to pay the judgment.

APPEAL from the Chancery Court of Lee County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

The case is stated in the opinion of the court.

*Russell, Reynolds & Russell,* for the appellants.

The chancellor should have retained the bill, making the ward a party, and granting full relief. The presumption is that the judgment against the plaintiff in error, as garnishee, is right. It is conclusive until reversed. *Cotton* v. *Miller,* 52 Miss. 8. The answer does not deny all the equity of the bill, and the motion to dissolve the injunction should not have been granted. *Lightcap* v. *Richardson & May,* 52 Miss. 508.

*S. M. Taylor,* for the appellees.

The answer was responsive to the material allegations, and denied all the equity of the bill. Code 1871, sect. 1016. The motion to dissolve the injunction in such a state of case should be sustained. *Lightcap* v. *Richardson & May,* 52 Miss. 508. The judgment against the garnishee does not bind the guardian and ward, but is *res inter alios acta.*

SIMRALL, C. J., delivered the opinion of the court.

C. B. Horton and wife sought, by the bill of injunction, to shield the property included in the trust-deed from sale ; because, as they allege, the debt secured thereby had been garnished by Grant & Co., and that Horton had been adjudged to pay it to them, instead of Grant, the original creditor.

With the bill, a transcript of the proceedings and judgment in the garnishment suit was exhibited. The equity of the complainants' case depends on the effect of the judgment in that suit.

Clark & Co. had recovered judgment against A. Grant, and made the affidavit suggesting, as provided by statute, that the debtor had no visible property on which a levy could be made, but that C. B. Horton was indebted to him.

To the writ of garnishment which was sued out, Horton answered that he was indebted to Grant, as guardian, a balance

of $60, with some interest, on a promissory note given about the 1st of January, 1876, for a parcel of land in Lee County, which he described; which note was secured by deed of trust on the same land, in which deed one Caruth was trustee.

Clark & Co. traversed the truth of the answer, alleging that the note or debt is due to Grant individually, and not as guardian.

June 23, 1877, these proceedings were had.    *    *    * "The garnishee, being called, came not; whereupon the judgment-plaintiffs proceeded to introduce testimony; upon which it is considered by the court that said plaintiffs have judgment, etc.,    *    *    * against the garnishee."

Grant and Caruth, in their answer to the bill, state that the note was payable to Grant as guardian for I. S. Garmon, a minor; and that when the minor attained majority, in 1876, on a settlement had, the guardian turned over the note for the balance due upon it to Garmon. Grant emphatically denies that he had any personal interest in the debt.

Caruth states that he was proceeding to execute the trust for the benefit of Garmon. With the answer were filed, as exhibits, the note and deed of trust.

Upon bill, answer, and exhibits the injunction was dissolved, and from that order an appeal was taken.

The principle contended for by the appellant is, that inasmuch as his answer to the garnishment process was traversed by Clark & Co. on the point of whether his indebtedness was to Grant personally, or as guardian, and the court heard testimony and adjudged that he was liable to pay the judgment-creditors, that whether that adjudication is right or wrong, it protects him in making payment to those creditors.

The judgment concludes no other persons except parties and privies. As to strangers, it is *res inter alios acta*. It would follow from that, if Garmon was the creditor of Horton, being holder of the note at the time the judgment was rendered, he is not concluded or affected by it. Growing out of that principle is the doctrine that the garnishee is, as trustee, bound to

protect all parties in interest. Hence, after judgment on his answer, if he afterwards discovers that the debt had been transferred before service of the process, it would be his duty to enjoin. *Oldham* v. *Ledbetter*, 1 How. 43. If, in such circumstances, he pays, it will be in his own wrong.

Aside from legislation, a garnishee who was vexed by two claimants to the debt which he owed could protect himself by a bill of interpleader. Sect. 1451 of the Code provides a simple and inexpensive method by which he may bring before the court whence the process issued, adversary claimants, and devolve on the court the duty of deciding to which the money shall be paid.

Sect. 1449 is applicable to a case where the garnishee denies indebtedness altogether, or admits a less sum than the creditor thinks to be due. The creditor may controvert the answer, specifying in what particulars it is untrue or defective. But if the garnishee admits indebtedness, and suggests that another person claims, by assignment or otherwise, to be the owner of it, he ought to proceed under sect. 1451, and require such person to propound his claim, or, failing to do so, suffer judgment against his right.

Horton, by his answer, disclosed that the ward of Grant was the person to whom the debt really belonged. If he chose not to summon the guardian, or the ward, — who, it seems, had attained majority, — to propound the claim and contest with the judgment-creditors, he voluntarily put himself in the position of assuming responsibility that any payment he might make was to the proper party. As we have said, the rights of the guardian or of the ward were not impaired by the decision on the traverse of the answer. *Kellogg* v. *Freeman*, 50 Miss. 128.

The note, the evidence of the indebtedness, is payable to "*Abner Grant, guardian.*" The trust-deed recites an indebtedness, by note, to "Abner Grant, guardian for I. S. Garmon, minor." The note and trust-deed (a certified copy) were before the chancellor, as evidence, on the hearing of the

motion to dissolve. This debt could not be subjected to the payment of the judgment against Grant; and, since neither the guardian nor the late ward were parties to the garnishment proceedings, the judgment therein rendered against Horton, and its payment by Horton, cannot be set up to defeat the enforcement of the security for the benefit of Garmon.

The decree dissolving the injunction is affirmed.